

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL OROSCO,<br><br>Defendant. | Case No. CR 16-558-CAS<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. §§ 3143(a)(1), 3148(b)] |

I.

On May 30, 2025, Defendant Rafael Orosco made his initial appearance following his arrest for violations of pre-trial release and the petition for revocation of supervised release and warrant for arrest issued on November 27, 2025. Deputy Federal Public Defender Brendon Gilligan was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Kali Yallourakis. A detention hearing was held.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ allegations in the petition: while he was waiting to be sentenced for admitted violations of supervised release, Defendant was released on bond to a residential drug treatment center. However, Defendant did not report to the residential drug treatment center and instead cut off his ankle monitor and absconded.
> ☒ history of violations of supervised release
> ☒ No bail resources

B.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ criminal history includes felony convictions for narcotics and firearms related offenses, including a 2012 conviction for assault with a firearm
> ☒ at the time of arrest, Defendant had a knife in his possession and made a statement indicating that he should have used the knife to assault the Marshals who arrested him.

III.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: May 30, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE